Okay, we're ready for our next case United States v. William Lee and we're going to have a 10-minute argument per side. Council, you may proceed. Good morning, your honor. May it please the court. I'd like to request a reserve two minutes for rebuttal. My name is Anne McLennan and I represent William Lee. Your honor, William Lee apparently, according to the government, gave Keandre Johnson a broken gun, the hammer jam. No one was hurt. He had never been wiretapped. He was not an original target of this conspiracy. Instead of going to trial, he only count of the indictment that he was charged in, which was count one, and that was the vicar count, the violent crime in aid of racketeering count. The indictment says that he and nine others conspired to murder a member of a rival gang in violation of California 182 and 187, which is conspiracy to commit murder. As far as I know, and I was not trial counsel, but as far as I can see, there was never an object of this conspiracy. There was never a person who was to be Counsel, can I just ask a question? We've read the brief, so we're familiar with the history of it. My question is, didn't your client, he unconditionally pled guilty, right? Correct. And in doing so, didn't he waive his right to bring non-jurisdictional claims? Well, I believe that the fact that this statute is vague makes this a jurisdictional claim. The fact is that he pled guilty to a vague statute, and by doing so, he can't waive that. What's your case that a challenge to a vague statute makes it a jurisdictional challenge? Well, I think initially, I'm I didn't think this was going to be the question. I don't know what case I have. I will take a quick look and see. The position that I'm taking is, well, that's the other reason that I put it in terms of the sentencing, because this case is, I don't know if the court has jurisdiction. I think it does, but I am not prepared to answer the court's question. I'm sorry. I think Judge Glynn had a question. Is your appeal really more of a challenge to the sentencing guidelines? It's both, I believe. But yes, that's why I put it there, because I do believe that even if a person straight up pleads to conspiracy to commit murder when there's no injury and no object, that he should not have gotten the increase of up to level 33 for when, in fact, what it should have been, if anything, was 12 plus 4. In this case, though, he supplied a gun to some fellow gang member. It was with the intent that they were going to get revenge for out of a rival gang for a shooting of one of his gang cohorts, right? That's my understanding. Yes. So why wouldn't that be conspiring to perpetrate a murder? If you give the gun to the person you know is going to potentially shoot, why wouldn't the proper guideline end up in the 33 guideline? Because it should be the assault guideline, Your Honor. According to the guidelines, what it does is it goes if there's no object, there's no person. Apparently, Mr. Johnson may or may not have gone to a park. He said the hammer jammed on the gun. Somebody else said there were shots fired. I don't know where the truth lies, but then they drove around and got rid of the gun. I think that it should go from conspiracy to commit murder to a 2.3 assault. Did he raise an objection to the pre-sentence report guideline recommended calculations? Yes, I believe he filed. I believe he did. Oh, it's in the sentencing, isn't it? Yes, he did. He objected to the 33-level increase on the grounds. Do you have a page for that? No, but I don't think so, but I can try to find it. Page 71 of mine is their sentence. I'm not sure it was an objection, though. It sounds like a memo. Only, and let me find it. Quite straight up, this is from this, and they asked for a sentence of 60 months and said that they, well, basically, he's just saying that it should be guided by making them all the same. Did you preserve the objection as to the base offense level? No, I don't believe he did. So it would be plain air? Correct. Did you want to reserve the remainder for rebuttal? Yes, thank you. Okay, thank you, counsel. Counsel for the government? Good morning, your honors, and may it please the court, Jeff Spivak for the United States. The defendant's conviction and sentence should be affirmed because the vicar statute is not vague, and because the court did not err, much less commit plain error in sentencing a talent lead to a guideline sentence for this very serious offense. Counsel, we don't need to reach the unconstitutional argument if we find that it was waived through the guilty plea, right? If the court finds that by pleading guilty, the defendant waived his right to bring the vagueness challenge to the statute, then that is correct. Is that the government's position that he did waive it? Yes, and the case the court, the government focuses is on United States v. Sands 988 F. Second 970. It's a 1993 case, and it said in a note that the defendant can only attack the statute for vagueness in application to a sentence because of his guilty plea, and could not challenge the conviction itself. Now, certainly, that was before the Supreme Court's decision in class, finding that a guilty plea does not waive all constitutional claims. The court reaffirms the Blackwidge-Meadow line of cases that a guilty plea will not waive a right to challenge the very power of the state to prosecute an offense, and further guides that in doing the vagueness analysis after a guilty plea, the court should focus on the record before it, and not get into facts that are beyond the indictment, the plea agreement, and here, the defendant's argument asks this court, in the Pelham brief, page 10, the response brief, page 6, talking about whether the court or the probation officer or the prosecutor had facts in mind that make the case vague. That seems to be foreclosed by the class decision, and the appellant has cited no authority that vagueness goes to the very power of the state to prosecute an offense, and that question is somewhat undecided, I think, but there is class, and in this court's decision, Chavez-Diaz, 949 F3, 1202, it's a 2020 decision, that the concept of waiver of rights in a plea is a substantial waiver, and that the idea of being able to raise constitutional claims is limited, and Chavez-Diaz, the court held, this court held that a defendant waived his right to challenge unequal protection and due process claims, the Southern District of California's procedure for handling certain immigration offenses, and so that was sort of a case-related defect, I think, if the court could, found that vagueness was an issue that could be decided based on the record before it and went to the very power of the court to enforce the law, there may not be a waiver, but our stronger argument, we think, is that there's the by-car statute simply is not vague. That's certainly not vague on these facts where the conspiring to murder a rival gang member. There's nothing particularly unclear about the specific enumerated offense of murder set forth in the by-car statute, and there's nothing in the felon's arguments about the application of the guidelines to the by-car statute that got a different result, especially due to the Supreme Court's decision in Beckles, which said that because sentencing guidelines merely guide a district court in sentencing a defendant, the guidelines are not subject to a constitutional vagueness challenge. Turning to the issue of the sentence, the sentence was the guideline sentence. There was a question whether the defendant objected to the guideline calculation. There was no objection, and so plain error would apply. The only thing I would note for the court is there was an objection raised at the sentencing proceeding as to whether the defendant should get acceptance of responsibility. Technically, he didn't preserve that issue in objecting to the resentence report, but the court entertained the acceptance of responsibility argument. Before rejecting it, there was a substantial basis in the record for rejecting the acceptance of responsibility decrease because I think that the statement appellant Lee made to the probation officer was that he knew deep down he had done nothing wrong, indicated in sentencing filings that the whole thing was misconstrued, thrown out of proportion, and the guidelines do not require acceptance of responsibility simply because of the fact that he guilty, and that's application note three to 3E1.1. And secondly, if the and given the credit for acceptance of responsibility, which the government does not believe the court should have, that would be harmless error here because whether or not the adjustment was applied, the statutory or the guideline was the statutory maximum of 120 months, and therefore it would have had no effect whether that enhancement was applied or not, and the government's best case for that is United States v. McCarns, MCCARNS, 900 F3-1141, 9th Circuit, 2018, where this court held that whether or not the district court credited or enhanced the defendant's sentence for managerial role, either way, the guideline offense was, became the statutory max, and that's the same result here. So we would ask the court to affirm both the plea or the conviction and the sentence in this case. Counsel, can I ask, just going back to the constitutional argument, is there, I, counsel suggested, I, counsel suggested that she's raising a pure vagueness challenge separate and apart from just kind of focusing on the sentencing guideline, the sentencing errors that she raises, and I'm wondering, is vagueness, how do we look at that? Because if it's, sometimes vagueness challenge could be a jurisdictional challenge, and sometimes it could not be, and where's that line between those two, those two positions? I don't have a clear answer, and in the dissent in class, the dissent raises some concerns about how lower courts can determine whether a particular constitutional claim is one that has been waived by a plea agreement, and I don't know that I have a case in mind where vagueness has been applied, vagueness as applied has been found to be waived or preserved by virtue of a guilty plea. Okay, any of my colleagues have other questions? If not, fine. Yep, we'll move on to, thank you, counsel, and Ms. McLennan, do you want to take rebuttal time? Yes, just a moment. I just would like to, I appreciate counsel raising class, which I did cite in my brief. The fact is that a valid guilty plea does not bar direct appeal of constitutional claims, and so if vagueness challenge is a constitutional claim, then that should, that should resolve that. I also cited to Davis, which, as the court well knows, talks about whether it's a categorical approach or not, which just doesn't seem to be the issue here, except that then, I believe that there's a question when you have this many different places that the guidelines can go, and I know I'm flipping back and forth from constitutional to the guidelines, but that if you can have a 30-point increase or a four-point increase, and then don't give acceptance of responsibility, what I believe about this plea is that it was in the hands of the government and the court to say what facts they wanted and what they wanted him to accept. He stood up and he said, I'm charged with conspiracy to commit murder, and I plead guilty to that, but they both said it wasn't acceptance because they wanted him to use some different facts. What do you mean by that? And my position is if a judge and a prosecutor don't know what facts are necessary and don't put them down for him, how's he supposed to know? This is a guy that was not even on the wiretap, but that's the issue. On the constitutional challenge though, your argument in your brief is largely that we can determine vagueness because he didn't get the levels for acceptance of responsibility. It's partly that, yes. It's also just the statute itself. The fact is that this statute does not even explain what is necessary. It refers to the California murder statute, which they would not be able to find a conspiracy to commit murder when there is no victim. Well, 1959 is whoever for the purpose of gaining entrance or maintaining or increasing position in an enterprise engaged in racketeering activity murders or conspires to murder somebody. So how's that kind of vague? Well, because the indictment then makes a reference to the California statute, you can't murder without a victim. There has to be someone. And just to say that he is somebody who in 2006 was his last conviction. And that 10 years later, that he's trying to increase or keep his position in the gang by handing a broken gun to somebody. I don't think that it meets the criteria for a valid, not vague statute. Okay, counsel, we've got your argument. Thank you for your time today. And the case is now submitted. We'll move on to the next case on the calendar is United States versus Keandre Johnson, which I believe is case number 19-10044. And counsel, Mr. Bernstein, I think, are you prepared to argue? Yes, your honor, I am. Thank you. Okay, you may proceed. May it please the court, Devin Bernstein on behalf of Keandre Johnson. Your honors, Mr. Johnson's sentencing hearing was infected by racially biased testimony. That type of testimony has no place in our system. It must be mediated whenever it appears. As Chief Justice Roberts wrote, some toxins can be deadly in small doses. And that is certainly true here. This court, what we're asking is for this court to order a new sentencing hearing free from the taint of racial bias. Was there, did the trial counsel below object, make this objection on the racial bias? Not specifically this objection, but there's, and I assume your honor's question is going to the standard of review. Yeah, I mean, are you conceding that this is reviewed under plain error? No, your honor, for three reasons. First of all, the government in its brief says implied, this type of implied implicit bias issue is a mixed question of fact and law, which this court would review de novo despite the case resolves. Second, in this court's more recent decision, which we say in Lillard, the court, the court says that if it's brought to the district court's attention, the issue brought to the district court's attention, we don't necessarily review for plain error. And here, trial counsel did say that this testimony is exactly the kind of evidence that the court should not be relying on. It continues, it's just stereotype based on nothing but stereotype, and that's improper evidence that the court should not consider. That's ER 418 through 419. I'm, can I ask a quick background question? As a district judge, how did the gang either membership or association, how did that, is there a guideline calculation for that? Well, why was, why was it contested to begin with? Well, I think it's not, it's not a direct guideline enhancement. It goes to 3553A factors in several ways. It goes to, one would, one would argue, how much of a difference in the sentencing is it that you're associated with a gang versus you're a member of a gang? I mean, what difference would that ever make under 3553? Right, so I can answer in three ways. The first one is, if I were a prosecutor, I would argue, well, a gang member is more of a danger than an associate, so a gang member needs a higher sentence. If I were a prosecutor, I would say, 3553, your honor, instructs you to look at the aggravated than your associate. But I think your honor's question really gets to maybe the crux of what I see as a problem with the government's argument in this case. The government says, essentially echoes, well, this, this didn't matter. Well, in my experience, your honor, neither prosecutors nor district court judges are in the habit of taking two day long evidentiary hearings on a point in an issue that doesn't matter at all. Remember, Mr. Johnson specifically objected to the characteristic of him as being a gang member. He admitted being an associate. The government asked for a specific finding on that. Why they did that is not for no reason. They did that because they believe that a gang member would get likely get a higher sentence than a gang associate. Otherwise, there was no point in the government simply wasted judicial resources. And I don't think that's an assumption that follows. So did the gang expert testimony, they put the first witness on or did you? Okay. They did. It was the detective. As we know, with racial bias. But if I can come back to judge Nelson's question at the beginning, your honor, because I think I owed you one other reason. Sure. One other reason. So basically it says, when there's not a whole factual question, like was the light red or was the light blue? Rather, when all the facts are in the record, both parties have had a full opportunity to brief it. There's no reason to go to a plain error standard because there's no prejudice to the government in that sense. This court is in an equal position to review this by capable counsel. And so there's no reason. Well, let me put you back a little bit on that because I mean, one of the purposes of plain error review, as I understand it, is to allow the district court to pass on that objection below. And if you're correct, that this is a question of fact or a question of law, then by not objecting, you've effectively denied the district court the opportunity to make a factual finding on the facts, which then we would give some deference to. I mean, I don't think that that would be reviewed de novo by us. And so I'm not entirely sure that your argument stands up there, but I understand it. Okay. Well, thank you, your honor. And what we've said is the court does review for plain error. We think this is plain. And I think that that's really the substance of the argument. And I will try and reserve a little bit of time. But the substance of the argument is that we know this and we almost have to take off our lawyer hats to see that race is different. Race is different in our country. It's unique in a sense, especially in the criminal justice context. We have facts and challenges. We're not looking at the actual outcome, was the trial fair or not, but just the racial tint in terms of jury selection, that's not. We have the idea of going back to Brown versus Board of Education. This, any time racially biased testimony taints a proceeding, it's a full stop. It's different than the typical guidelines error. When you have a government expert saying she's not sure Beyonce might be a gang member, that's a full stop right there. If you have a government expert saying people in his neighborhood, they don't even know their relations because their fathers have 28 or 30 children, that's repugnant. That's a full stop. And what we're asking is not for an entirely new trial. What we're asking is that society, the court, Mr. Johnson and Mr. Johnson's family has a sentencing hearing that's free from racial bias. Now he got a substantial sentence and maybe he would get a substantial sentence again, but what he shouldn't do is sit in jail for the next 10 or 11 years when that type of testimony is what put him there. Okay, did you want to reserve for rebuttal? Yes, Your Honor. Okay, thank you, counsel. We have the government attorney ready? Yes, Your Honor. All right, you may proceed. Good morning, Your Honor. May it please the court? I'm Camille Skipper and I represent the United States. It's really not clear just what it is the defendant is complaining about. In his brief, he makes several statements disavowing any claim that Detective Serta was racist, that her testimony was racist, or that the prosecutor was racist. And he makes his claim that the testimony that she provided was grounded in implicit bias. Today, and in his reply brief, he goes much harder at the idea that the hearing was infected by racial bias. Now, the government does not concede that Detective Serta's testimony was grounded in implicit bias. However, even if it was, there are two reasons that this court should affirm. And just to be clear, I will get back to the testimony and the reasons why we do not believe it was racist or grounded in implicit bias. But even if the court is concerned about that issue, the two reasons the court should affirm are one, that the most inflammatory statement, the one about familial relationships, the one that the council has identified as repugnant, wasn't considered by Judge O'Neill. He makes that clear in ER 14. He was setting aside that testimony. And the remainder of Detective Serta's testimony was race neutral. But moreover, the court actually based its finding that the defendant was a gang member, a finding that the court has noted didn't really impact the guideline range, and the government would argue didn't impact the sentence. But he based that finding mostly on the testimony of the defendant own expert. And the second reason that this court should affirm is that the infection theory, the idea that some racially biased, racially repugnant, or implicit bias testimony was given at the hearing, that for that reason alone, a new sentencing hearing is required, would ask this court then to completely disregard the circumstances here. The testimony in this case was by one expert to an experienced judge, not a jury. And the question before that experienced judge was not a speculative one where the issue of race was explicitly injected. It was a question of whether or not the defendant was a gang member, a factual question. And the issue of race was not made explicitly relevant. And we would argue that it wasn't even made implicitly relevant in this Can I just ask you a question on the second argument here on the kind of sentencing guidelines, and particularly on the harmlessness question. The government didn't raise, didn't argue that this was the harmless error, is that right? On the 3B1.2 factors? No. No, we did not explicitly argue harmlessness. As to the detective service testimony, we argued that it didn't really matter. And as to the minor role I'm sorry, reduction. Yeah, that was my question, was the minor role. Sorry, I should have been more specific. If we were to find an error here, and just assume for a minute that we thought there was an error on the minor role reduction, can we consider harmlessness here? The government did not argue harmlessness, mostly because the government did not argue harmlessness because at this point, it is not clear to the government that we could effectively argue that the defendant's rights were not substantially affected. I'm sorry, that his rights were not substantially affected. Okay, so basically, your position is if we do find an error here on the minor role reduction, that the government's effectively waived the harmlessness claim. The court can find that, although if the court believed it was harmless, the court could, under prudential considerations, consider the argument. But you're correct, we did not raise it. Okay, no, that's helpful to know what went into that. So, okay. So then, unless the court wants me to directly address the minor role reduction at this point, I will go back to the bulk of the argument from the opening argument. Well, I actually do have a question on the minor role reduction, just because that one stuck out in my mind. Why do you think that the district court got that correct? Well, in this instance, the issue was raised in objections, informal objections to the court by the defendant. And in his sentencing memorandum, he raises the issue, he seeks the minor role reduction, he cites the appropriate case, which was Diaz, with including a pen cite. And Diaz contains the whole of the considerations that the court is to, or the whole of the analysis that the court is to consider in making the determination. And in the sentencing memorandum, the defendant argues one of those factors that he believes works in his favor in the argument. The court then came to the bench, having read and considered the defendant's sentencing memorandum, as well as the rest of the papers that were provided to it. And it was clear based upon the ruling that he made that he came to the bench prepared to rule on the issue. He did not take argument. And this court under Diaz is obligated to presume that the judge knew the law and applied the law correctly, absent some indication that it did not. Here, there is no indication that the judge had not read the papers, was not familiar with the law, and had not applied it to the facts in this case. And the ruling itself is not ridiculous under these facts. Let me go, what did the defendant argue in the motion? Did he actually argue the three B factors? Or did he just generally ask for a lower sentence? Well, he did ask for a lower sentence. He did not lay out all of the factors. He didn't block them in his brief, for example. However, he was clearly familiar with them. How do we know that? How do we know the judge actually considered them if the judge doesn't say anything about them? And the briefing to the judge doesn't specifically lay out the, you know, the decision making issue or the, you know, degree to which he stood the benefit or the control. If the defendant didn't raise those arguments, how do we know that the judge considered them unless he makes some discussion of them at the time of sentencing? Well, this is the very situation that Diaz addresses. Because in Diaz, this court clearly states that the judge is not obligated to... Yeah, but in Diaz, it wasn't that, and I don't have it in front of me, but in the Diaz case, didn't the judge receive a specific objection delineating the three B factors that he should have considered? Yes, that is true. And in this case, was there any similar briefing submitted to the judge going through the factors and the evidence that might be relevant to the factors? Not as expansively as in Diaz, certainly, although defense counsel in this case, in its sentencing memorandum to the court, does argue the factors that it believes are most relevant, presumably, that he believes were most relevant to his defendant and does so citing Diaz. Diaz itself does not lay out a strict test that in order for this court to make the assumption that the district court applied the law to the facts of the case, that counsel must block quote the portion of the sentencing guidelines or must lay them out. In the Diaz case, wasn't there also a discussion at the sentencing hearing about the factors? Yes, Your Honor. Wasn't there a specific argument? In this case, there really wasn't, was there? About the three B factors? Because that's true, because Judge O'Neill came to the bench ready to rule on the issue, having considered, having had an opportunity to consider the briefing that had been provided. And because Diaz tells this court that it must then assume that the judge knew the law and applied it, that was enough here without him going through each of the factors individually and taking them off. Okay, counsel, thank you for your argument. And Mr. Spivak, do you have, oh sorry, Mr. Burstein, do you have a rebuttal? Yes, Your Honor, can you hear me? Yep. Okay, I would, thank you very much, Your Honor. So, going straight to the minor role issue, and I think it's important to note that it's ER 445. What the district court said is on the minor role, based on what's before me, I cannot make a finding of minor role for the objections over rule. That's simply inaccurate under the law. There was sufficient evidence in the record for the court to make the finding, so I guess... Well, can I, so here's my question about that, because I tend to agree that, you know, it'd be better to have something on the record, but he said there's not enough evidence in front of me, and I guess that raises a question. Ultimately, you agree that the defendant bears the burden, at least you put that evidence in, to support a reduction, is that right? Yes. And so, where did you put that in, and I'd say you, I don't know if you were trial counsel, but where did trial counsel put that in, because I think the memorandum that was submitted to the district court was a little light on even considering these factors, and what I don't know is, I mean, first of all, let's just establish what was put in there. What was actually argued in court? Right, so I think the court will find that part at ER44, and counsel hits irrelevant factors. This was a sentencing memorandum, essentially a sentencing brief, and it said, a reading of the indictment and the factual basis set forth in the other plea agreements show that Mr. Johnson was a minor participant, and then he did, he had no involvement in the There's no evidence that he proffered from any alleged racketeering activities beyond the $400 he received. Unlike his co-defendants, he had no car or personal residence, neither cash nor property was seized because he had none. He was arrested in possession of a flip phone, for which he purchased minutes, and that is not even a smartphone. The government's theory regarding shots fired incident at Fink White is that Mr. Johnson disputes and was motivated factors for him choosing to reject the factual basis. And there's also evidence in the record that he was instructed on what to do by other gang members. So I think what the court is struggling with is, did the district court properly consider the factors? We wouldn't ask for the court to remand and say, you must, you must find minor at all. What we would ask for similar to what happened in Quintero Leyva, which is we would ask the court to remand and say, make sure you have considered the factors relevant to minor role because there was information memo, and that information would as a matter of law qualify if credited by the district. I'd like to see the case for that argument. You know, district court judges are very busy, and they're good. They go through a lot of training. They're selected. And but they've got a ton of work to do. So we assume they do their work. We have cases here in the Ninth Circuit that we assume the district judge accomplished it, unless there's a reason otherwise. Yes. So where, where did where did counsel then point out or ask the district court? Have you considered XYZ? So let me answer the first part of your honor's question first, and then the second part. Second. So the why it was the second part was the question. The first part was a case citation. I thought your honor, I apologize. And those would be Davis and Quintero Leyva. This court did exactly that remanded for proper consideration. But the way that this trial counsel filed the objection, asking for minor role, the district court denied it. And clearly, there's no obligation to take an exception. That was before Rule 52. There's no circumstance where I object. I want minor role. The district court says denied. I wouldn't then say, I take an exception to that. That exception requirement has been gone from the law, as your honor knows, for many years. So in the memo at ER44, is the objection that preserves this. And we know the government has never suggested anything other than this request was adequately preserved. So there would be no reason nor basis to, I think, at least in my experience, if I took an exception, after a district court had ruled, I would get probably a funny look. I would, he or she would say, counsel, I just ruled on that. I know you object. That's why you filed your sentencing memo. And I would say, sorry, your honor, you know, without a fact. If you're actually trying cases, attorneys use the exception, you know, to great fanfare. So there's somebody moves for something, denied. Will the judge please note an exception? It's almost a way to try to stick their thumb in the eye of the judge. Right. It's not something that I think a smart attorney who is having their client standing next to them about to be sentenced. I don't think we're in the business of sticking our thumb in the eye of judges. You managed to make the judge irritated with you. I've had some success at that, your honor, believe it or not. Yeah, we all did. Okay. Well, counsel, thank you. And thank both counsel for their arguments in this case. And the case is now submitted.
judges: Wallace, R. Nelson, Gwin